IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DONNA MOFFETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 1:20-cv-72 |
| | § | |
| | § | |
| SPROUTS FARMERS MARKET | § | |
| | § | JURY DEMANDED |
| | § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff, DONNA MOFFETT, files this Complaint and Jury Demand against Defendant SPROUTS FARMERS MARKET alleging willful violation of the Family and Medical Leave Act and the Texas Commission on Human Rights Act. For causes of action, Plaintiff would show the Court as follows:

## I.
## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, DONNA MOFFETT, is a resident of Travis County, Texas.

2. Defendant SPROUTS FARMERS MARKET is an entity which can be served with Citation through its Registered Agent, CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

3. At all times relevant to this case, Defendant SPROUTS FARMERS MARKET acted as Plaintiff's employer.

4. This Court has jurisdiction to hear the merits of Ms. Moffett's claims under 28 U.S.C. §1331. The Court has supplemental jurisdiction over Ms. Moffett's claims arising under Texas statutory law under 28 U.S.C. §1367.

5. Venue is proper in this district and division under 28 U.S.C. §1391(b)(1) because the incidents that gave rise to the claims in this case occurred in within this district and division.

## II.
## FACTUAL BACKGROUND

6. Ms. Moffett was hired by the Defendant in August 2009 as a Scan Manager. She held that position until her termination in January 2018.

7. Ms. Moffett suffers from depression and anxiety. In January 2017, her father was diagnosed with cancer, and she took some time off to care for him and to care for her mother, who was also ill at the time. Her father passed away in May 2017, and she took a period of medical leave initially to be with him, and then because her depression and anxiety became overwhelming and she was not able to work.

8. Plaintiff's doctor released her to return to work on July 10, 2017. The release stated: "start back as scheduled with added permission to miss work if needed without penalty." She returned to work on July 11, 2017, and provided a copy of the doctor's release to her store manager, Gerald. When she gave the note to Gerald, he told her he would send it to Defendant's corporate office.

9. After Ms. Moffett returned to work in July 2017, as the release stated, she took time off intermittently as needed because of her depression and anxiety. When she took the time off, she would call in and let Gerald or the Assistant Store Manager know that she was having to

take time off, and that she had gotten someone to fill-in for her so that her shift would be covered.

10. In the Fall of 2017, Defendant suspended Ms. Moffett's employment for two days without pay because, according to the suspension documentation, she had incurred too many absence points. When Gerald gave Ms. Moffett the suspension form, she told him that he was suspending her for days that were covered by her doctor's release, but he suspended her anyway.

11. On January 10, 2018, Ms. Moffett called in sick because she had a fever. She returned to work the following day, but was still not feeling well. The Assistant Store Manager told her to go home because she was sick. She told him that she didn't want to go home, because she knew she would accrue absence points. The Assistant Store Manager got Gerald on the phone, and Gerald told Plaintiff he was sending her home without a point for that day. She went to the doctor that afternoon, and was given a note stating she should not return to work until January 15.

12. On January 13, Ms. Moffet checked the work schedule and noticed that she was not on it at all. She called Gerald, and he told her he was waiting on corporate's answer for whether she could return to work or not. She spoke with him again on January 15 and 22, and he told her the same thing. On January 26, she called in and Gerald told her that her employment had been terminated. Defendant terminated Ms. Moffet for absences that were caused by her depression and anxiety, for which both she and her doctor requested that she be accommodated and for which Defendant was on notice that she would need FMLA coverage..

### III.
### CAUSES OF ACTION

### COUNT ONE

### Discrimination on the Basis of Disability
### in violation of the TCHRA

11.     Defendant violated the Texas Commission on Human Rights Act by refusing Plaintiff reasonable accommodations and by discharging Plaintiff.  Texas Labor Code §21.001 et seq.

12.     Under the Texas Commission on Human Rights Act, it is unlawful for an employer to discriminate against any individual with respect to her employment because of that individual's disability or because the employer regards the individual as a person with a disability.

13.     Defendant is an employer under the TCHRA.

14.     Plaintiff was qualified for and could perform the essential functions of her job at the time of her termination.  Plaintiff is a qualified individual with a disability, is a qualified individual with a record of a disability, and was regarded by the Defendant as a person with a disability.

15.     Plaintiff was meeting her employer's expectations.  Plaintiff was terminated as a direct result of her disability, her record of having a disability, and/or because Defendant regarded Plaintiff as a person with a disability.

16.     Defendant violated the TCHRA by intentionally discriminating against Plaintiff because of her disability by refusing Plaintiff reasonable accommodations and by terminating

Plaintiff's employment. Plaintiff's disability and/or being regarded as disabled was a determining or motivating factor in Defendant's decision to terminate Plaintiff's employment. Plaintiff's disability and/or Defendant's perception of Plaintiff as a person with a disability moved Defendant toward its decision or was a factor that played a part in Defendant's employment decisions as to Plaintiff.

## COUNT TWO

### Family and Medical Leave Act

17. The FMLA contains two distinct provisions: (1) an entitlement clause and (2) an anti-discrimination clause. See 29 U.S.C. §§ 2612, 2615. The entitlement clause provides a series of entitlements which give certain rights to employees such as the right to have their job back once they return from a qualified leave. This FMLA also contains provisions prevent an employer from retaliating against an employee for taking FMLA leave. See 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b). Defendant is in willful violation of the FMLA. Defendant violated 29 U.S.C. §2612, §2614 and 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b).

18. Plaintiff availed herself of a protected right under the FMLA by taking off in the 2017 for her anxiety and depression, and was subsequently terminated. There is a causal connection between the Plaintiff's protected activity and Defendant's decision to terminate Plaintiff. Plaintiff's taking of FMLA was a motivating factor in the decision to terminate, and as such was a cause of Plaintiff's damages, as set forth below.

19. In addition, an employee who takes FMLA leave under section 2612 shall be entitled, on return from such leave, to be restored by the employer to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment. See 29

U.S.C. §2614(a)(1). Furthermore, the taking of FMLA leave under section 2612 shall not result in the loss of any employment benefit accrued prior to the date on which the leave commenced. See 29 U.S.C. §2614(a)(2). Defendant violated these provisions of the FMLA by failing to reinstate Plaintiff into her position following her FMLA leave and by terminating Plaintiff's employment.

## IV.
## DAMAGES

19. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

## V.
## COMPENSATORY DAMAGES

20. Defendant intentionally engaged in an unlawful employment practice by discriminating against Plaintiff because of her disability, her record of having a disability, and/or because Defendant regarded Plaintiff as being disabled. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VI.
## PUNITIVE DAMAGES

21. The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## VII.
## LIQUIDATED DAMAGES

23. Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff further seeks liquidated damages in an amount equal to wages, salary, employment benefits, or other compensation lost by Plaintiff as a result of Defendant's violations of the Family and Medical Leave Act.

## VIII.
## ATTORNEYS' FEES AND EXPERT FEES

22. A prevailing party may recover reasonable attorneys' and experts' fees under the Americans with Disabilities Act and the Texas Commission on Human Rights Act. Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees.

## IX.
## JURY DEMAND

23. Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or, in the alternative, front pay;

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

>Respectfully submitted,
>
>THE LAW OFFICES OF KELL A. SIMON
>902 East Fifth Street, Suite 207
>Austin, Texas 78702
>(512) 898-9662 Telephone
>(512) 368-9144 Facsimile
>
>/s/ Kell A. Simon
>Kell A. Simon
>State Bar No. 24060888
>ATTORNEY FOR PLAINTIFF